IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAGMEET SOIN, *et al.*, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-1861 |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Remand [Doc. # 9] filed by Plaintiffs Jagmeet and Prabjot Soin, to which Defendants JPMorgan Chase Bank, N.A. ("Chase") and Wells Fargo Bank, N.A. ("Wells Fargo") filed a Response [Doc. # 12]. Plaintiffs neither filed a reply nor requested additional time to do so. Also pending is Defendants' Motion to Dismiss [Doc. # 7], to which Plaintiffs filed a Response [Doc. # 11], and Defendants filed a Reply [Doc. # 13]. Having reviewed the full record and applicable legal authorities, the Court **denies** the Motion to Remand and **grants** the Motion to Dismiss.

### **I.    BACKGROUND**

In September 2006, Plaintiffs obtained a Texas Home Equity Loan in the amount of $520,000.00, secured by their home in Houston, Texas, through a Texas Home Equity Security Agreement. Plaintiffs admit that they stopped making

payments on the loan by May 2011.  *See* Original Petition, Exh. 1-1 to Notice of Removal, ¶ 9.

In July 2012, Plaintiffs filed a prior lawsuit in Harris County, Texas, alleging that their Home Equity Loan was void.  Defendants in that case, who are also Defendants herein, obtained summary judgment that Plaintiffs' claims were barred by the applicable four-year statute of limitations.  The Harris County court issued final judgment in the 2012 case on November 1, 2013.

In March 2014, Wells Fargo filed an application in the 129th District Court of Harris County, seeking an expedited order allowing foreclosure on Plaintiffs' property.  On June 2, 2014, Plaintiffs filed this lawsuit in the 157th District Court of Harris County, seeking a declaratory judgment that Defendants cannot enforce the Home Equity Loan or the Security Agreement.  Specifically, Plaintiffs argue that Wells Fargo's attempt to collect the debt or enforce the Security Agreement was a compulsory counterclaim in the 2012 lawsuit and, therefore, is now barred by *res judicata*.  Plaintiffs' counsel gave defense counsel notice of the 2014 lawsuit that same day.  Plaintiffs obtained proper citations on June 9, 2014.  Wells Fargo was served with the Original Petition and citation on June 16, 2014, and Chase was served on June 17, 2014.

Defendants filed a Notice of Removal [Doc. # 1] on July 3, 2014. Defendants then filed a Motion to Dismiss, and Plaintiffs later filed their Motion to Remand. Both motions are now ripe for decision.

## II. **MOTION TO REMAND**

### A. **Timeliness of Removal**

A Notice of Removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .." 28 U.S.C. § 1446(b)(1). Plaintiffs argue that Defendants failed to file their Notice of Removal within 30 days after their attorney notified defense counsel on June 2, 2014, that the lawsuit had been filed.

The 30-day period does not begin to run until formal service of process has been made on the defendant. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999); *City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005). The term "service of process" as used by the Supreme Court in *Murphy Bros.* is "defined by state law." *See id.* Under Texas law, formal service requires service of the "citation." *See* TEX. R. CIV. P. 106(a); *America's Best Value Inn and Suites v. Allied Prop. and Cas. Ins. Co.*, 2014 WL 1345494, *2 (W.D. Tex. Apr. 3, 2014). The state court record in this case reflects that Plaintiffs did not obtain

citations for service on Defendants until June 9, 2014, and did not serve Defendants until the following week. As a result, the 30-day period did not begin to run until the first Defendant was served on June 16, 2014. Defendants' Notice of Removal, filed on July 3, 2014, was timely and remand is denied.

### B. Waiver of Right to Removal

Plaintiffs argue that Defendants waived their right to remove this case because they could have filed the March 2014 application for an expedited order of foreclosure in federal court rather than in state court. Plaintiffs argue that Defendants chose Harris County as the proper forum and, as a result, they are not permitted to remove this case to federal court. Plaintiffs' argument lacks merit or supporting legal authority.

The March 2014 application filed in the 129th District Court of Harris County for an expedited order of foreclosure is separate from and independent of this lawsuit, which was filed in the 157th District Court of Harris County. Indeed, Plaintiffs sought a stay and automatic dismissal of the March 2014 application based on Rule 736.11 of the Texas Rules of Civil Procedure. That Rule provides that an expedited foreclosure proceeding "is automatically stayed if a respondent files a *separate, original proceeding* in a court of competent jurisdiction that puts in issue any matter" related to the foreclosure of a lien. TEX. R. CIV. P. 736.11(a) (emphasis added). The

March 2014 application filed by Defendants has no effect on their right to remove the "separate, original proceeding" later filed by Plaintiffs. As a result, Defendants have not waived their right to remove this case and remand is denied.

### III.   MOTION TO DISMISS

Each of Plaintiffs' claims in this lawsuit is based on their assertion that attempt by Defendants to enforce the Security Agreement is barred by *res judicata* because Defendants did not assert their rights under the Home Equity Loan and the Security Agreement as a compulsory counterclaim in the 2012 lawsuit. Plaintiffs' argument is contrary to relevant legal authority from the Fifth Circuit and the Southern District of Texas.

"Under Texas law, when a borrower files an action challenging the validity of a secured debt, the state's compulsory counterclaim rule . . . does not require the secured party to counterclaim to collect on the debt if the creditor has a contractual right to pursue a nonjudicial foreclosure." *Douglas v. NCNB Texas Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992) (citing *Kaspar v. Keller*, 466 S.W.2d 326, 329 (Tex. Civ. App. – Waco 1971, writ ref'd n.r.e.)). The Fifth Circuit noted in *Douglas* that "lenders ordinarily have various judicial and nonjudicial remedies available on an overdue note and that a borrower should not be able to force its lender to elect judicial

foreclosure by merely filing an action challenging the validity of a note." *Id.* (citing *Kaspar*, 466 S.W.2d at 328-29).

Plaintiffs concede that *Douglas* is binding authority, but argue that it does not apply to home equity loans. "The Texas Constitution requires a home-equity loan to be secured 'by a lien that may be foreclosed upon only by a court order.'" *Erickson*, 2014 WL 1679131 at *2 (quoting TEX. CONST. art. XVI, § 50(a)(6)(D)). Plaintiffs argue that because a home equity loan may be foreclosed upon only by a court order, Defendants do not have an election of remedies.

This argument was rejected by the Honorable Gray Miller in *Huston v. U.S. Bank Nat'l Ass'n*, 988 F. Supp. 2d 732 (S.D. Tex. 2013), and, more recently, by the Fifth Circuit in *In re Erickson*, __ F. App'x ___, 2014 WL 1679131 (5th Cir. Apr. 29, 2014). As did the defendants in *Huston*, Defendants here "had the option of either seeking a Rule 736 order in an expedited proceeding or filing a claim for judicial foreclosure under the Property Code. . . . While both options require judicial oversight, the Rule 736 order provides a streamlined process for a lender to obtain an order and foreclose its lien nonjudicially through its bargained-for rights in the security instrument." *Huston*, 988 F. Supp. 2d at 739-40. As noted by the Fifth Circuit in a recent home equity loan case, "judicial foreclosure and the ability of a trustee to foreclose under the power of sale in a deed of trust are separate and distinct

remedies, either of which the trustee may elect to pursue." *Erickson*, 2014 WL 1679131 at *2. Based on the Fifth Circuit's decisions in *Douglas* and *Erickson*, and Judge Miller's decision in *Huston*, Defendants had both judicial and nonjudicial avenues available for enforcement of the Security Agreement and, therefore, were not required to seek enforcement of the Security Agreement as a compulsory counterclaim in the 2012 lawsuit. As a result, Defendants are entitled to dismissal of Plaintiffs' claims as a matter of law.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, Defendants did not waive their right to remove this case, and their Notice of Removal was timely. Plaintiffs' claims in this case all rely on their position that the compulsory counterclaim rule bars Defendants' attempt to foreclose on their home equity loan. Plaintiffs' argument, however, is inconsistent with the Fifth Circuit decisions in *Douglas* and *Erickson*, and with Judge Miller's decision in *Huston*. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 9] is **DENIED**. It is further

**ORDERED** that Defendants' Motion to Dismiss [Doc. # 7] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE**. The Court will issue separately a Final Dismissal Order.

SIGNED at Houston, Texas, this 4th day of **September, 2014**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge